IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARMANDO LOPEZ,                    §
TDCJ No. 2271424,                 §
                                  §
          Plaintiff,              §
                                  §
V.                                §        No. 3:23-cv-2359-G-BN
                                  §
ARRESTING OFFICERS,               §
                                  §
          Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Armando Lopez, a Texas prisoner, serving a life sentence following

his conviction for continuous sexual abuse of a child under the age of fourteen, filed

in the Southern District of Texas a *pro se* complaint under 42 U.S.C. § 1983 raising

Fourth Amendment claims against Dallas police officers who arrested him in 2018.

*See* Dkt. Nos. 1 & 8.

The Southern District granted Lopez's request for leave to proceed *in forma*

*pauperis* under the Prison Litigation Reform Act (PLRA). *See* Dkt. Nos. 5, 6, & 7.

And, after Lopez's case was transferred to this district under 28 U.S.C. §

1404(a), *see* Dkt. No. 9, Senior United States District Judge A. Joe Fish referred it to

the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

Where a plaintiff who is imprisoned or detained pending trial seeks relief from

a governmental entity or employee, a district court must, on initial screening under

the PLRA, identify cognizable claims or dismiss the complaint, or any portion of the

complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice, as Lopez's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

## Applicable Background

In 2019, Lopez was convicted of continuous sexual abuse of a child under the age of fourteen, the child of his girlfriend, and this conviction and Lopez's resulting life sentence were affirmed in 2021. *See Lopez v. State*, No. 05-19-00784-CR, 2021 WL 5410523 (Tex. App. – Dallas Mar. 1, 2021, no pet.), *aff'g*, No. F-1876836-M (194th Jud. Dist. Ct., Dall. Cnty.). After that, there is no record that Lopez sought further judicial review through postjudgment proceedings in either state or federal court.

## Discussion

"A complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)). That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)). Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

Comparing the allegations of the Section 1983 complaint to the applicable state court record – as a matter of public record of which the Court may take judicial notice,

*cf. Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (under Federal Rule of Evidence 201, a district court may "take judicial notice of the state court's orders, final judgment, and docket as matters of public record attached to the motion to dismiss" (citations omitted)) – the current civil claims – asserting that Lopez was arrested in violation of the Fourth Amendment – are alleged against the Dallas police officers who arrested Lopez for the crime that led to the conviction for which he is now imprisoned.

And, as Lopez fails to show that this conviction has been reversed, invalidated, or otherwise set aside, the claims in this lawsuit, calling that conviction into question, are currently subject to the rule in *Heck* and thus not cognizable.

So the Court should dismiss this lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

### Recommendation

The Court should dismiss this action without prejudice, as Plaintiff Armando Lopez's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE